[Civ. No. 319. First Appellate District.—January 4, 1907.]

## JAMES COOK, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

RAILROAD LANDS—CONDITIONAL CONTRACT OF SALE—DILIGENCE TO PROCURE PATENT—ACTION TO RECOVER PAYMENTS. MADE—FINDING AGAINST EVIDENCE.—In an action to recover back payments made under a conditional contract for the sale of railroad lands, which were to be repaid if the railroad company, after using diligence to obtain a patent, should be unable to procure one, where the evidence shows that the railroad company used due diligence, on its part, to obtain a patent, and had secured a report of the commissioner of the land office in favor thereof, and that the only delay was that of the Secretary of the Interior, in acting upon such report and causing the patent to issue, *held*, that a finding that the railroad company had not used reasonable diligence to secure a patent is against the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wm. Singer, Jr., and Guy Shoup, for Appellant.

Houx & Barrett, for Respondent.

COOPER, J.—This action was brought to recover $1,600, with interest, claimed to be due plaintiff from defendant, under the terms of four separate but similar contracts for the sale of land, in each of which the defendant was the vendor and the assignor of plaintiff was the vendee. Judg-

ment was entered for plaintiff upon findings made by the court, and from the judgment defendant prosecutes this appeal on the judgment-roll and a bill of exceptions. Each of the contracts contained the following provision, to wit: "It is further agreed, between the parties hereto, that the party of the first part claims all the tracts hereinbefore described, as part of a grant of lands to it by Congress of the United States; that patent has not yet issued to it for said tracts; that it will use ordinary diligence to procure patents for them that as, in consequence of circumstances beyond its control, it sometimes fails to obtain patent for lands that seem to be legally a portion of its said grant, therefore, nothing in this instrument shall be considered a guarantee or assurance that patent or title will be procured; that in case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will, upon demand, repay (without interest) to the part—, of the second part, all moneys that may have been paid to it." Each contract is pleaded as a separate cause of action. In each count it is alleged that it has been finally determined that patent shall not issue to defendant for an undivided moiety of the land described in the contract, and also that defendant has not exercised ordinary diligence to procure a patent to the land. The evidence showed, and the court found, that after the commencement of the action a patent was issued (in November, 1903) to defendant for the lands described in the complaint. It is therefore unnecessary to discuss the issue as to a patent not having been granted to defendant. The court found that the defendant "did not and has not used ordinary diligence to procure a patent to the lands mentioned in said contract, or in any of them, or any part of said lands." It was the above-quoted finding upon which the court below gave judgment in favor of plaintiff, and upon the question as to whether or not the said finding is supported by the evidence the case must here be decided.

The facts here are similar to those discussed in *Southern Pacific R. Co.* v. *Lipman,* 148 Cal. 480, [83 Pac. 445]. In that case the contracts were dated September, 1888, while in this case they were dated June, 1886. The contract in each

case related to lands included in the same grant to defendant. In this case the provision in the contracts to the effect that plaintiff would use ordinary diligence to procure patents to the lands is precisely in the same language as in the Lipman case. In that case, as in the case at bar, it was found by the court below that the Southern Pacific Railroad Company had not used ordinary diligence to procure patent to the lands. In that case, as in the case at bar, it was claimed that such finding was without evidence to support it. It was there held, upon a full discussion of the facts, that the finding was not supported by the evidence. The court there said: "There is no evidence in the case to sustain the finding, but, on the contrary, what evidence was introduced on the subject (and it was all introduced by the plaintiff) shows that for several years prior to the execution of these contracts, and continuously thereafter, plaintiff at all times vigorously asserted its claims for all the lands, primary and indemnity, to which it claimed title under the acts of 1866, and as early as 1888 it made application to the land department under the act of 1866 for patents to lands of similar character and similarly situated to those described in the contracts here. . . . While it appears that the plaintiff in fact filed its lists of selections of the lands described in the contract here in question in 1893 and 1894, the ordinary diligence to procure them which it contracted for would have been fully discharged had the application not been filed until the acceptance and approval by the Secretary of the Interior of the commissioner's report, which was the earliest possible time an application could have been effective and a patent procured upon it. Aside from the proceedings before the interior department, involving plaintiff's right to patent for these lands, we have seen that its rights thereto were also a matter of litigation in the federal courts, culminating in the decision found in *Southern Pac. R. Co.* v. *United States,* 183 U. S. 519, [22 Sup. Ct. Rep. 154, 46 L. ed. 307], which we have heretofore referred to and discussed.

"It will be thus observed that whatever delay in the procurement of patents for these lands occurred was occasioned, not by any want of ordinary diligence on the part of plaintiff, but from the failure of the land department, until 1897,

4 Cal. App.—44

to approve the report of the commissioners, upon which approval alone patents could be issued, and on account of the litigation arising in the federal courts relative to plaintiff's right to patents. (*Wilson* v. *Southern Pac. R. R. Co.*, 135 Cal. 421, [67 Pac. 688].) From these considerations it is obvious that the finding that the plaintiff did not use ordinary diligence, as provided in the contract, to procure patents for these lands also finds no support in the evidence.''

We must hold the above case conclusive upon the question here. In *Southern Pacific R. R. Co.* v. *Bovard, ante,* p. 76, opinion filed July 9, 1906, [87 Pac. 203], it was held that the plaintiff was the owner of the lands described in its complaint. The lands were part of the same grant to the Southern Pacific Railroad as the lands involved in this action. The Lipman case is cited as authority.

It follows that the judgment must be reversed, and it is so ordered.

Harrison, P. J., and Hall, J., concurred.